CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

NOV 0 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BARNEY JOHNSON,　　　　　　　)
　　　　Petitioner,　　　　　　　)　　Civil Action No.7:05cv00489
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　)
WARDEN OF THE KEEN MOUNAIN　)
CORRECTIONAL CENTER,　　　　)　　By: Samuel G. Wilson
　　　　Respondent.　　　　　　　)　　United States District Judge

Petitioner Barney Johnson brings this 28 U.S.C. § 2254 action, challenging his convictions in the Circuit Court of Russell County. Johnson raises multiple claims of ineffective assistance of counsel and prosecutorial misconduct, and he claims that there was insufficient evidence to support his conviction and that the sentence imposed was "excessive." This matter is before the court on the respondent's motion to dismiss. When he raised them on state habeas, the Supreme Court of Virginia found each of Johnson's claims to be procedurally defaulted under independent and adequate rules of state procedure, and Johnson has failed to demonstrate cause and prejudice capable of excusing those defaults. Therefore, the court finds Johnson's claims to be unreviewable on federal habeas and grants respondent's motion to dismiss.

I.

Johnson was convicted on May 24, 2000, in the Circuit Court of Russell County for conspiracy to distribute morphine and for two counts of distribution of morphine and was sentenced to serve life plus forty years. Johnson appealed, raising various claims of trial court error, but a single judge of the Court of Appeals of Virginia denied his petition. Johnson claims that he instructed his attorney to file a request for review by a three-judge panel but that his attorney failed to do so. Johnson filed a state habeas petition in the Circuit Court of Russell

County, raising only his claim that his attorney had failed to request review of the denial of his petition for appeal. The circuit court granted the petition and restored Johnson's right to request review by a three-judge panel. Again, Johnson's attorney failed to file a timely request for review, and, Johnson filed a second habeas petition, this time with the Supreme Court of Virginia, again seeking restoration of his right to request review by a three-judge panel. The court granted the petition, and Johnson's attorney finally filed Johnson's request for review by a three-judge panel. The panel agreed to review one of Johnson's claims but ultimately denied his appeal, and the Supreme Court of Virginia denied Johnson's petition for appeal. Johnson then filed a third habeas petition, again with the Supreme Court of Virginia, raising the same claims of ineffective assistance, prosecutorial misconduct, excessiveness of sentence, and insufficiency of the evidence that he raises in his § 2254 petition. The court found that Johnson had procedurally defaulted each of his claims either by failing to raise them on direct appeal, citing Slayton v. Parrigan, 215 Va. 27, 29 (1974), or by failing to raise them as part of his first habeas petition, citing Va. Code §8.01-654(B)(2) and Dorsey v. Angelone, 261 Va. 601, 604 (2001).

## II.

The Supreme Court of Virginia found that Johnson had procedurally defaulted each of his claims under either Slayton v. Parrigan, 215 Va. 27, 29 (1974) or Va. Code §8.01-654(B)(2) and Dorsey v. Angelone, 544 S.E.2d 350, 351 (2001). These rules are independent and adequate state procedural grounds for default.[1] Thus, this court may not review Johnson's claims unless

---

[1] See Gray v. Netherland, 518 U.S. 152, 161-2 (1996) (finding Va. Code §8.01-654(B)(2) to be an independent and adequate state procedural ground); Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998) (finding the rule in Slayton to be an independent and adequate state procedural ground) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).

2

he demonstrates cause and prejudice to excuse his procedural defaults. Johnson has made no such demonstration;[2] therefore, the court must dismiss his claims.

### III.

For the foregoing reasons, the court grants respondent's motion to dismiss.

**ENTER**: This ⸱⸱⸱/⸱/ day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Johnson's petition complains about his attorney's multiple failures to request review by a three-judge panel of the Court of Appeals of Virginia. He claims his attorney's conduct constituted "an independent constitutional violation"; however, it is clear that his intention is to argue that his attorney's omissions constitute cause and prejudice capable of excusing his procedural defaults. The courts of Virginia granted Johnson two delayed appeals, and the Court of Appeals of Virginia ultimately reviewed his claims. In light of these facts, Johnson fails to demonstrate how his attorney's performance ultimately prejudiced him in any way, much less to explain how his attorney's lack of diligence prevented him from raising each of his claims at the appropriate junctures. Thus, his attorney's omissions cannot serve as cause and prejudice to excuse his defaults. Moreover, in order for ineffective assistance of counsel to serve as cause and prejudice, the petitioner must not have procedurally defaulted his underlying ineffective assistance claim. Edwards v. Carpenter, 529 U.S. 446, 453-54 (2000). Because Johnson has defaulted all his other claims of ineffective assistance, he may not now cite any other alleged instances of ineffective assistance as cause and prejudice capable of excusing his defaults.

3